IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **Kimberly Starling,** | § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | |
| **David Allen Capital, Inc.,** | § § | **Jury Trial Demanded** |
| Defendant. | § § § § | |

## COMPLAINT

**Kimberly Starling** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **David Allen Capital, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.* and § 302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Defendant because Defendant maintains a principal place of business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391 (b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Southlake, Texas 76092.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 525 N. Main Street, Suite 270, Milford, Michigan 48381.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number ending in 6140.

12. The area code for the number ending in 6140 is 817.

13. Area code 817 is an area code used in Northern Texas.

14. Plaintiff has used this cellular telephone number for residential and business purposes.

15. Defendant called Plaintiff on her cellular telephone on dates including, but not limited to: January 19, 2021 at 2:21pm and 3:07pm; January 20, 2021 at 9:49am; January 21, 2021 at 12:23pm; and January 25, 2021 at 3:08pm, 3:27pm, 3:36pm, and 4:48pm.

16. Defendant also sent text messages to Plaintiff on January 20, 2021 at 9:49am and January 21, 2021 at 12:24pm.

17. Defendant did not have Plaintiff's consent to call or text her on her cellular telephone number.

18. Plaintiff did not request information from Defendant regarding a business loan.

19. Plaintiff's telephone number ending in 6140 has been on the Do Not Call Registry since December 31, 2004.

20. Upon information and belief, when contacting Plaintiff, Defendant used a dialing system which had the capacity to store or call phone numbers using a random or sequential number generator.

21. Upon information and belief, Defendant maintains a stored list of 10 digit telephone numbers of consumers in its database for collection and communication purposes.

22. Upon information and belief, Defendant utilize a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

23. The dialing system used by Defendant calls phone numbers stored in those databases.

24. Accordingly, Defendant's dialing systems have the capacity to dial numbers using a random or sequential number generator.

25. Upon information and belief, Defendant's dialing systems include equipment which dials from the stored list of 10 digit consumer telephone numbers.

26. Defendant's dialing systems employ computer code and/or algorithms which result in it randomly or sequentially generating numbers in order to select and dial the stored 10-digit consumer telephone number from the list.

27. Furthermore, Defendant's dialing systems use computer code and/or algorithms to determine the orders/sequence of calls to be automatically dialed.

28. The operation of the random/sequential number generator, referred to above results in Defendant's dialing system automatically placing calls to the 10 digit telephone numbers in Defendant's stored list(s).

29. Plaintiff believes and avers that Defendant called her with an automatic telephone dialing system. Plaintiff believes this because Defendant's calls to Plaintiff began with a noticeable pause or delay prior to a live representative of Defendant coming on the line.

30. While Plaintiff has not had the benefit of discovery, she intends to prove Defendant utilized an automatic telephone dialing system in the course of discovery.

31. Defendant's telephone calls were not made for "emergency purposes" but rather were to offer her a business loan.

32. Defendant did not obtain a registration certification from the Office of Secretary of State prior to engaging in telephone solicitation in Texas.

33. Plaintiff found Defendant's repeated calls annoying, frustrating, upsetting, harassing, and an invasion of her privacy.

34. Upon information and belief, Defendants conduct business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

37. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

38. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

39. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

40. Defendant's calls were not made for "emergency purposes."

41. Defendant's calls to Plaintiff's cellular telephone were without any prior express consent.

42. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 31, 2004.

43. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

44. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

45. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**COUNT II**
**DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)**

46. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

47. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

48. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 31, 2004.

49. Defendant called Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

50. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

51. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

52. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

# COUNT III
# DEFENDANT VIOLATED § 302.101 of
# THE TEXAS BUSINESS & COMMERCE CODE

53. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

54. Plaintiff received all calls from Defendant in Texas and is entitled to other relief under Texas law.

55. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

56. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

57. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Kimberly Starling,** respectfully prays for judgment as follows:

 a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

  b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

  c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

  d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

  e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

  f. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business and Commerce Code);

  g. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business and Commerce Code;

  h. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

  i. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Kimberly Starling**, demands a jury trial in this case.

Respectfully submitted,

Dated: 05/27/2021  By: /s/ Amy L. Bennecoff Ginsburg
    Amy L. Bennecoff Ginsburg, Esq.
    Kimmel & Silverman, P.C.
    30 East Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Facsimile: (877) 788-2864
    Email: teamkimmel@creditlaw.com